US v. Steven Swan                    CR-03-66-B      12/12/03

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>United States of America</u>

    **v.**                                      Criminal No.  03-36-01-B
                                          Opinion No. 2003 DNH 233
<u>Steven Swan</u>


## O R D E R


Steven Swan contends that he has been the victim of a vindictive and selective prosecution in retaliation for exercising his First Amendment rights.  I denied Swan's motion for further discovery, an evidentiary hearing and dismissal asserting this defense.  Swan seeks reconsideration.

As the First Circuit has explained,

> [s]ince the government is presumed to have exercised its prosecutorial responsibilities in good faith . . . defendants are not entitled to evidentiary hearings on their selective or vindictive prosecution claims unless they first identify facts tending to demonstrate (i) that the government refrained from prosecuting others who were "similarly situated" and (ii) that the reasons for any such discrimination were illegitimate.

<u>United States v. Serafino</u>, 281 F.3d 327, 331 (1st Cir. 2002).

The presumption of regularity that attaches to a prosecutor's decision to seek an indictment can be overcome only by "clear evidence to the contrary." United States v. Armstrong, 517 U.S. 456, 464 (1996) quoting United States v. Chem. Found., Inc., 272 U.S. 1, 14-15 (1926). Swan has failed to produce clear evidence to support either aspect of his vindictive prosecution defense.

Swan cites the government's alleged failure to prosecute Irwin Schiff and his followers to support his contention that the government has failed to prosecute other "similarly situated" individuals. This argument fails for two reasons. First, Swan concedes that the government is engaged in an ongoing criminal investigation of Schiff. The fact that the investigation has not yet concluded in an indictment hardly demonstrates that the government has refused to prosecute other alleged tax evaders. In any event, Swan has failed to demonstrate that he is similarly situated to Schiff or any of his followers who have not yet been prosecuted. As the government notes, the grand jury found probable cause to believe that Swan prepared hundreds of false tax returns for other individuals for a fee. Swan has not alleged that either Schiff or any of the other individuals he

2

cites actively assisted others in preparing false tax returns for a fee.

Swan has also failed to demonstrate that the government is prosecuting him for an improper reason. He claims that the government decided to prosecute him because he has made statements in internet chat rooms, in letters to the editors of local newspapers and elsewhere suggesting that Israel and certain United States government officials were responsible for the terrorist attacks of September 11, 2001. He concedes, however, that the government instituted its criminal investigation of him well prior to September 11, 2001, and long before he made any of the statements which he claims prompted the government's decision to prosecute him. Further, he has produced no evidence to support his claim that the government officials who authorized his prosecution did so because of his views rather than his allegedly illegal actions. The presumption of regularity that attaches to a prosecutor's decision to seek an indictment cannot be overcome merely by demonstrating that the subject of an indictment holds views that many people, including prosecutors, would find repugnant.

3

Swan's motion to reconsider (doc. no. 76) is denied.

SO ORDERED.


_____
Paul Barbadoro
Chief Judge


December 12, 2003

cc:  Steven A. Swan, pro se
     Michael Shklar, Esq.
     William Morse, AUSA
     United States Probation
     United States Marshal